Green, J.
delivered the opinion of the court.
It is very clear in this case, that the machine, purchased by the complainant from the defendant Clements was wholly worthless. The bill charges that Clements represented that the machine was a good one, and thus imposed upon the complainant. This allegation is supported by the proof. Thur-sey Smith says, she heard Clements admit that he had sold the machine for a good one. Where a party misrepresents a material fact, by which another is misled or imposed upon to obtain an undue advantage of him, it is fraud. Story’s Eq. § 192.
In this case Clements was the manufacturer of the article sold. It was radically defective, so as to be of no value. If he is a good mechanic, capable of making a good machine, he must have known, that the one sold by him to the complainant was not a good one, and by his representation intended to mislead him. If he is, not a master workman, he must be sensible of his want of skill and is equally culpable.
In either point of view, he is guilty of fraud, and consequently, this court has jurisdiction to afford relief.
But the other defendant obtained an assignment of the note before it was due, without notice of complainant’s equity, therefore, there can be no decree against him.
Let the decree be affirmed in all its parts.
Whenever a security for money has been obtained by fraud or deceit, a court of equity has jurisdiction to relieve against it; and its being, in any case, a simple contract, only makes it capable of being relieved against in a court of law too, but does not oust the chancery jurisdiction. Dyer vs. Tymewell. 2 Vernon, 122, and cases cited in Mr. Raithby’s note 2; especially, Colt vs. Woollaston, 2 P. W. 154; Chitty on Bills, 119; Gladstone vs. Hawden, 1 Maule & Selwyn, 517.